IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02463-BNB

BEYENE ZELALEM,

    Plaintiff,

v.

CITY OF DENVER COLORADO, sued in individual capacity,
MAYOR MICHAEL B. HANCOCK, sued in individual capacity,
DENVER SHERIFF DEPT. CORRECTIONAL OFFICER DEPUTY ANDERSON, sued in
    individual capacity,
DENVER SHERIFF DEPT. MAJOR MICHAEL THAN, SR., sued in individual capacity,
DIRECTOR OF DENVER SHERIFF DEPT. GARY WILSON, sued in individual capacity,
    and
DENVER SHERIFF DEPT. SGT. B. MOORE, sued in individual capacity,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Beyene Zelalem, has filed *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.  The court must construe the Complaint liberally because Mr. Zelalem is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Zelalem will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Complaint and finds that the Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Zelalem alleges in the Complaint that on April 29, 2012, while incarcerated at the Denver County Jail as a pretrial detainee, Deputy Anderson confiscated and threw away his dental implant/bridge. Mr. Zelalem appears to be asserting a number of claims against Deputy Anderson based on this incident, including claims that he was denied due process and equal protection, that he was subjected to cruel and unusual punishment, and that his Fourth Amendment rights were violated. However, Mr. Zelalem fails to allege specific facts in support of each of his constitutional claims against Deputy Anderson. It is not sufficient to assert in conclusory fashion that Deputy Anderson's actions violated multiple constitutional provisions without alleging, clearly

and concisely, the specific facts that support each constitutional claim.  It also is not clear what claims Mr. Zelalem may be asserting against the other named Defendants or how the other named Defendants personally participated in the asserted constitutional violations.  Therefore, Mr. Zelalem will be directed to file an amended pleading.

In order to state a claim in federal court, Mr. Zelalem "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Zelalem must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Mr. Zelalem may be naming supervisory officials as defendants; however, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> [W]hen a plaintiff sues an official under *Bivens* or § 1983 for

3

>conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Finally, a municipality also may not be held liable on a theory of respondeat superior.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  In order to state a claim against a municipal entity, Mr. Zelalem must identify a municipal policy or custom that caused the alleged violations of his rights.  *See Dodds*, 614 F.3d at 1202 (discussing Supreme Court standards for municipal liability).  Accordingly, it is

ORDERED that Mr. Zelalem file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Zelalem shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Zelalem fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 18, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge